## Appeal of UTAH ORPHEUM CO.

Docket No. 3693.    Submitted October 2, 1925.    Decided March 30, 1926.

1. Deduction for exhaustion of leasehold denied for want of proof of value on March 1, 1913.
2. Where taxpayer is on a cash receipts and disbursements basis, it may not deduct interest until actually paid.

*Jacob Mortens, Jr., Esq.*, for the taxpayer.
*M. N. Fisher, Esq.*, for the Commissioner.

Before MARQUETTE, MORRIS, LOVE, and GREEN.

This appeal is from a deficiency in income and profits taxes for the year 1919 in the sum of $8,666.04. The petition alleges that the Commissioner erred in disallowing three deductions claimed by the taxpayer: First, $5,000 depreciation on equipment; second, $5,000 annual allowance for the exhaustion of the leasehold; third, interest in the sum of $9,260.59.

### FINDINGS OF FACT.

The taxpayer is a California corporation, organized in 1912 and dissolved by decree of the Superior Court of the State of California in 1922. It was organized for the purpose of leasing and operating a theatre in Salt Lake City, Utah. Sometime in 1912 it leased from the Orpheum Theatre & Realty Co. (the builder and owner of the theatre building), for an annual rental of $15,000, the portion thereof constructed for theatre purposes, and proceeded immediately thereafter to furnish and operate a theatre therein. These operations were carried on at a loss up to the year 1919. Sometime after the date of the lease it was found that the theatre was too large, and it was remodeled with considerable reduction in its seating capacity.

The taxpayer, during the several years prior to the taxable year, became indebted to the Orpheum Theatre & Realty Co. This in-

debtedness became the subject of a dispute between the majority and the minority stockholders of the Realty Company, and, in an effort to arrange the matter to the satisfaction of all, a promissory note was demanded from and given by the Utah Orpheum Co. The note was for the principal sum of $68,803.03, and included therein was interest on the indebtedness to December 30, 1919, in the sum of $10,548.60. The taxpayer reported its income on a cash receipts and disbursements basis.

OPINION.

GREEN : The taxpayer abandoned its allegation of error relating to the depreciation on equipment. It contends that the lease which it secured prior to March 1, 1913, had a value on March 1, 1913, of $100,000. It appears from the evidence, however, that the theatre was larger than necessary, that its size was subsequently reduced, and that for many years after March 1, 1913, the theatre was operated at a loss. One of the witnesses for the taxpayer testified that in his judgment a reasonable rental for the theatre would have been $30,000 a year, but he did not fix the year for which he thought such rental would be reasonable. There is no evidence which would warrant us in believing that this leasehold had any value whatever on March 1, 1913, and upon this point we must affirm the Commissioner.

As to the interest which the taxpayer claims the right to deduct, there is nothing in the evidence to indicate that the note was accepted by the Orpheum Theatre & Realty Co. in payment, and the indications are that the note was the conventional promise to pay in the future. The interest was not paid by the taxpayer during the year in question, and, since it is on a cash receipts and disbursements basis, it may not deduct interest unless such interest was actually paid in the taxable year. There was no error on the part of the Commissioner.

*Order of determination will be entered accordingly.*